My name is Vicki Morel Buchanan. I'm here on behalf of James Collins. I'll give you a couple of minutes. Once again, this case is a case in which the trial of Mr. Collins was fundamentally unfair and therefore denied him due process of law. To demonstrate the fundamental unfairness of this case, you need to look, first of all, at the Rankin case, the Rankin murder. In that particular case, if you read the Court of Appeals opinion and if you read the California Court of Appeal opinion or if you read the opinion of the district court, read the facts as they refer to the Rankin murder. And all the facts are based on layer after layer after layer of unchallengeable hearsay in that case. Everything, every piece of evidence is based on hearsay. Now, the facts are based on hearsay. Let me ask you the same question I asked the people in the case before. Let's assume that it all is hearsay. Is it testimony? It depends on which layer you go to. As to the original statement of Hamilton, no, that is not testimonial. Hamilton's statement is not testimonial hearsay. What's the constitutional violation then? The constitutional violation is due process, as was mentioned in both the ñ in all of the confrontational cases, most of them have a due process hook as well. They all mention due process as well. Well, they mention due process because the Sixth Amendment is applicable to the States through the due process clause. But my question is the same one I asked before. After Crawford, once we determine that a hearsay statement is non-testimonial, doesn't that end the Federal confrontation clause analysis? Not necessarily. But, for instance, there is ñ first of all, there's Chambers v. Mississippi. Also, if you look at Rutan, Rutan refers in the footnote to Poynter, which is Poynter v. Texas, which is a case that says that failure to allow cross-examination is a violation of the due process clause of the 14th Amendment. It doesn't talk about confrontation. If you look through all of the cases and have gone through all of the confrontation cases, there is a statement saying that even we prefer ñ some of the justices of the Supreme Court prefer to go with the due process analysis. And in reading through these cases, to me, that seems to make a lot of sense, especially when you get into a case like this, where there's such fundamental unfairness in this case. We're not just talking about the original statement made by Hamilton. The way this Hamilton statement got into the case was not through some direct testimony. Wince and Wells didn't get up on the stand and say, oh, yes, Mr. Hamilton came back after the shooting and said, I shot Ms. Rankin, and Mr. Collins told me to. No. The only way the evidence came in was because Mr. Wilkes and Mr. Wells got on the stand and said, I don't remember that, and I ñ he didn't say that, and I'm recanting my testimony. Mr. Buchanan, I got a little bit different take on this. Maybe you could help me. As I understand it, in your opening brief, you conceded that Hamilton's statements to Wells, Wince, Henson and Jordan were not testimonial, but argued that the admission of the statements violated the Confrontation Clause. That was in your opening brief. Correct. Then the government came back and said, that doesn't violate the Confrontation Clause. Then in your reply brief, you say Collins concedes that the admission of Hamilton's statements did not violate the Confrontation Clause. Then after you do that, then you argue that the admission violated his right to due process. Now, since that wasn't raised in the opening brief, and since it's only in the reply brief, why haven't you waived that argument? Because I believe that in the factors and the law that I applied, the Bruton case, the Douglas case, those are all. Just a minute. You've really got to focus again. I'm being very straight with you. I'm not trying to trick you. I read your briefs. Right at first, I said, well, this is the Confrontation Clause. Then I went to the government's brief, and they said, it can't be a Confrontation Clause for the same old reasons that we got in the last case and which we get all the time. Then you come back and say, well, I agree. It's not a Confrontation Clause problem. But it is a due process problem, which I read your first brief again. There's nothing in there about due process. The government hasn't had any chance to get after it. You didn't waive it, or you didn't raise it. So I guess I'm saying to myself, I don't know why I'm even talking about this in this case. It seems to me there's only one issue, severance. Well, if that is, in fact, true, and reading through the cases that the government did cite, it appeared that the circuit has held that the Confrontation Clause does not apply to non-testimonial hearing testimony. That's what the Supreme Court tells us. And we're not going off on our own on that. I'll be fair about that. So I didn't understand that. You would have been drug into that closely. I did not understand that, the previous argument, because I do think that the Confrontation Clause probably does not apply. Although it was not raised in the opening brief, I think the Court does still have, even though it was raised for the first time as a specific due process claim, on reply. I do think there is discretion for the Court to allow the argument. What's your best case for that? I don't have a best case, just other than the fact that the cases that say that you raised it up for the first time, it may be waived. It may not be available. So it doesn't say absolutely. Did you raise this? I'm sorry. Finish. Oh, I just don't have a specific case, and I did look for a specific case. But I also know that I have had personal experience in cases in which I've been involved where the Court has allowed an argument raised in the reply brief to go forward. So that's all I'm basing it on. I don't have a specific case. I'm looking at the California Court decision, and it's not clear to me because you may have raised it and they may not have treated it. But it appears to me the California Court decision turns on the Confrontation Clause and on state hearsay rules, not on due process. Is that a fair characterization of the California Court decision? I thought you raised it in the habeas proceeding. Mr. Collins raised it in the habeas petition. Because the State doesn't argue failure to exhaust a due process. Right. And they did raise it. He raised it specifically saying the hearsay evidence problem is both a due process problem and a confrontation problem. Right. The problem is you didn't raise the due process argument in your opening brief, as Judge Smith has pointed out. Yes. And it doesn't show up in your arguments until the reply brief. Right. I followed the actual ‑‑ you know, I'd love to go back and start all over again, but I did just brief the issue as raised, as put in the Certificate of Appealability, which was based on the Confrontation Clause issue. Could you turn ‑‑ It was not raised as a due process. Could you turn to the severance argument in this case? Tell me what ‑‑ has the Supreme Court ever said that improper joinder of charges is a violation of the Constitution? In Bean v. Calderon, which is a case from the circuit, it's not a Supreme Court case, it refers to that as a possible violation in Featherstone and in Harrington v. Meacham, so that there is ‑‑ that it can be a possibility of a ‑‑ that severance can be a due process violation, the failure to sever. Unfortunately, most of the cases that involve the severance issue are based on procedural law and federal procedural law, but there is a reference to the fact that it can ‑‑ if it actually enters the State trial unfair, that it can rise to the level of being a due process violation. Didn't we recently say that the Lane case, which has that footnote that suggests that maybe there's a due process right here, isn't firmly established Supreme Court law, and so that improper joinder, if you will, can't serve as a basis for a habeas claim? In terms of ‑‑ certainly the statement in Lane probably, in Lane itself probably couldn't, because it was dicta, it was not actual holding of the case. But I think that Lane at least elaborates that it can still be a fundamental due process violation if there is not appropriate severance. So tell me why, under a due process standard, combining the charges in this case was a due process violation? Well, it was all part of the same fundamentally unfair trial in this case, that all the The Jordan testimony was hearsay. Everything was hearsay in this case, in the Hamilton. So what happens when you join in the issue of the Bowman case, the Bowman case, which was totally unrelated, there is nothing here. The government claims that there's some sort of gang connection, but there really was no gang connection. At least in Bowman, at least there was a live witness who actually testified to the substance of the case in Bowman. And therefore, in Bowman, that case added credibility to the unsubstantiated case of the Rankin murder. So therefore, the jury could say, boy, you know, there was actually evidence that he shot Bowman, so there's probably evidence. It's probably sufficient to say that he shot Rankin as well. Also, because What do we do with the California Supreme Court, California court's finding that the court of appeals finding that there was no prejudice from the joinder? By what standard do we review that finding? Under the same standard that we do, and all of a sudden the case escapes me, the standard of substantial injury. Are we talking Brecht? Under the Brecht analysis. It would be under the Brecht analysis. But the federal cases are instructive on the prejudice standard in which they say, you know, if you're not allowed, you know, if you were required to testify, they give kind of the standard about what kind of things can lead to prejudice. And one of those things was, for instance, he had an alibi in Bachman, but he didn't have one in the Rankin case. So for the jury to hear him have a test to have an alibi in Bowman case, they are saying, huh, why didn't he have an alibi, similar alibi in Rankin? And why didn't he say he was off at Wal-Mart shopping at the time of the murder of the Rankin murder? So that creates an issue for the jury to look at the two cases and go, wow, he's got an alibi here, but he doesn't have an alibi there. It also had some evidence in Bowman, not good evidence, but there at least was some evidence in Bowman. And also it's just the whole about propensity evidence kind of issue, which is this guy is a bad guy. He might have shot Bowman. He deals drugs up in Idaho. Not Idaho, but Oregon. I didn't see that in there. He deals drugs up in Oregon. He's a bad guy. And if he didn't shoot Ms. Rankin, well, he probably did something bad that we're going to get him on. So the whole severance issue, not to mention being joined with Hamilton. He's now in the same case with Hamilton. They've got separate juries, but they're all hearing the same sort of stuff. So it does create prejudice. I'm sympathetic to your argument in this sense. If I were on the California court, I might well have found this to be improper joinder. But don't you have to demonstrate to us that no reasonable jurist could have reached the conclusion they reached under the AEDPA standard? I'm not sure. In other words, they made a determination of no prejudice. And don't we have to determine that that's an unreasonable determination of either law or fact under AEDPA, which is to say it's a terrible standard. The Supreme Court articulated it this way, though, that no reasonable jurist could have reached that conclusion. I'm not sure. I'm not sure about the Edwards standard. Under the Breck standard, it seemed to me that the standard of this is a habeas case. I don't recall that they mentioned the Edwards standards. They didn't. They just simply said that there was no prejudice, that there was plenty of evidence. I don't recall the Edwards standard. I'm sorry. I didn't speak clearly. I meant AEDPA. The anti-terrorism 50 death penalty. Oh, yeah, AEDPA standard. I, you know, unfortunately, because of the rank and the hearsay issue and stuff, I think that no reasonable jury should have reached the decision. No, jurist. Jurist should have reached the decision they did in this case. I don't think there's any proof at all that Mr. Collins was involved in the rank and murder. Would you like to save the balance of your time for rebuttal? You've got about a minute and 15 seconds. Thank you. Good morning. Deputy Attorney General Jaime Fuster for responding. I guess I will start talking about the severance issue, since that's where we left off. The key issue here is whether it was unreasonable for the state court to find that there was no due process violation as a result of trying the two charges together. That's what it comes down to. And under that test, then can the court say that no fair-minded or no fair-minded or reasonable jurist will ever find this denial to be unreasonable? Counsel? Counsel, can I ask you, was the jury instructed in this case that it couldn't use the evidence from one crime to prove the other one? They were instructed to just decide every count separately. That's what the specific instruction was. They were not instructed that the evidence on one count was not admissible on the other counts, correct? No, that wasn't given. And also, the judge never made a determination of cross-admissibility, did he? No. I think there was an argument made by the prosecution, both at trial and then on state appeal, that the evidence was partially cross-admissible as to the gang motive for both crimes. So there was some cross-admissibility that went both to the motive for the shootings and to the gang enhancement allegation. Right. But the state court never determined cross-admissibility. Well, the state court didn't make a specific ruling, but in denying a related claim concerning whether there was sufficient evidence that the ranking murder was also gang-related, the state court of appeals said that there was sufficient evidence. I understand. But just answer my question. The state court never found the evidence cross-admissible, correct? That's right. And the state court also never instructed the jury that it couldn't consider the evidence for one crime to prove the other. It gave a general instruction that it ought to consider the counts separately. That's right. So why doesn't that amount to fundamental unfairness? Well, first of all, there is no clearly established federal law that requires that the evidence be cross-admissible for two counts to be tried together. Actually, the joiner was based on state law that permitted two crimes of the same kind to be tried together. There is a preference under state law to try murder cases together, and there is no federal established rule that prohibits that state from doing that. There is also the ---- Well, we do have a post-AEDPA case called Davis that recognizes a due process right that could give rise to a due process violation where you have joiner of charges. Well, I agree with that. There is a general due process protection for the defendant in this case. What I'm saying, there is no specific rules that require that the evidence be cross-admissible. There is no specific rules that require that certain instructions be given. Pretty much the ---- Don't just go into whether or not under the facts of the case we have a due process violation. Under the rules of the ---- Well, there is no clearly established federal law that requires that cross-admissibility be a factor in deciding whether there was a due process violation. This is just a rule of this Court and a rule that actually is used by the state courts also. Let me ask you, let me change the facts a little bit in this case. Let's assume these two murders occurred 20 years apart, and everything else occurs exactly the same as it does in this trial. Are you contending there is no due process problem with that? I will say no. There is no ---- The distance in time between the two crimes doesn't make a difference because I think part of the ---- One of the factors that shows that there is no due process violation is that the crimes are very different as far as time, place, victims involved. And I think it's easy for the jury to see what facts go to count one, what facts go to count two. If there is a 20-year difference between the two crimes or whether there is a year difference, both of them show that these are separate crimes. So the prosecution in this case actually when prosecutor argued the facts to the jury at the end of the case, if he said these are the facts in support of count one and then finished, then he went these are the facts in support of count two. The prosecutor never told the jury Mr. Collins is guilty of the ranking murder and that evidence shows that he was also guilty of the attempted murder of Mr. Bowman. It was actually the other way around. The prosecutor argued these are the facts that support count one. These are the facts that support count two. Both counts were motivated by, again, let's say the penalty is sired for respect within his gang. But those were just the same motive, but each crime was based on separate facts. And the jury was never told to find Mr. Collins guilty of one count because there was evidence that showed that he was guilty of the other one. I think that just because a specific instruction wasn't given in this case, it doesn't mean that the jury somehow on its own went and did that, because nobody asked the jury to do that in this case. And I think the fact that both crimes were supported by distinct evidence shows that there would be no reason for that. He also was allowed to testify. He testified as to one of the cases and then didn't invoke his right not to testify in the other one. Well, the defendant made a choice, a personal choice to testify as to the attempted murder case, but not as to the murder case. And the trial court and the prosecutor allowed him to do so and didn't interfere with his right to do so. Another, you know, when we talk about the strength of the evidence, which is relevant to whether there was a due process violation as to the severance issue. Here, this is not a case where the prosecution took a weak case to, let's say, took a strong case to bolster a weak case or two weak cases to bolster each other. The murder case was based on pre-trial statements of the witnesses, but under California law, prior inconsistent statements of witnesses are just as strong as testimony provided at trial. What happened in this case is these are all fellow gang members, and they're afraid to show up in court and testify in front of the appellant. But it doesn't, under California law, it was up to the jury to decide when were these witnesses lying at trial or when they were taped, recorded, given statements to the police. This is not a case where the police just testify at trial as to hearsay statements of the witnesses.  So the jurors got to listen to their incriminating statements. It wasn't just a layer of hearsay over a layer of hearsay as characterized by appellant's counsel. We have strong evidence of both counts. And based on the strong evidence, there was no inflammatory count in this case. When we compared the attempted murder to the murder, both were the same type of crimes. Both were senseless gang shootings in which one victim was killed and the other one seriously injured. So this is not a case where we have, like, some kind of spillover effect or we have some kind of maneuvering by the jury. Why was there a need to try these two counts together? I think under state law, there is a preference for trying these kind of cases together. Right. I mean, I don't know. As Judge Horowitz mentioned, I mean, it's questionable whether or not these should have been tried together. I would say there is a preference because, first of all, there is some judicial economy to the fact of having just one trial, one trial for two cases. Well, if the evidence was cross-admissible, that makes good sense. Well, if the evidence was totally cross-admissible, then we wouldn't even be discussing the issue because the fact that if there is cross-admissibility, that clearly defeats any kind of claim of due process violation because the evidence will have come in anyway. But we have to look at the overall case in a due process inquiry. I thought the whole underlying theme was that there was this gang, gang sort of theme that. Well, there was a cross-admissibility as far as the theory of the prosecution. Both cases were motivated by the same desire by the felon to kind of present himself as a shot caller or somebody tough within his gang. He's disciplining people within his own gang. So this is not a case where we have like a robbery of some innocent victim and then been joined with like a murder of somebody in another gang. We have actually two shootings, gang-related shootings of people that were connected to the felon's own gang. And I think that's very distinctive in this case. We don't have like, as I said, two very unrelated events. But needless to say, at the same time, both were supported by very distinct facts. Did you want to say anything about the other issue? I think quickly as to the. Is it waived? Did she waive the due process? I was going to say there are several reasons why this court should deny the due process claim as part of the Hamilton's non-testimonial statements. First of all, it wasn't waived until the reply brief. And she didn't waive. Secondly, the due process claim itself was never certified for a penalty review. Third, there is no. Oh, sorry. It's just echo back. I wasn't sure. My third point is there is no clearly established federal due process rule against the admission of this type of non-testimonial statements by an accomplice. There may be a general due process rule that may apply to whether the trial itself was fundamentally fair or not. But there is no specific clearly established rule against the admission of this type of non-testimonial statements. Second. Isn't there a due process right there to have reliable testimony? There is no United States Supreme Court case that had specifically apply reliability rule to non-testimonial statements. There may be a general, as I said, a general due process rule as far as whether the trial was fundamentally fair or not. But there is no specific and clearly established rule against the admission of non-testimonial statements. And there is no specific and clearly established rule that requires that a non-testimonial statement pass some kind of reliability test in the old Roberts test. And it is our position that Roberts is dead for all purposes. Whether it's non-testimonial or testimonial, it's a dead test. Has the Supreme Court said that? And the Supreme Court has pretty much said that in a. . . Has they said it directly? Well, they said, first of all. . . Roberts is overruled. Dead law. Dead law. Well, they have said that Roberts doesn't have. . . Roberts, there is no confrontation clause inquiry at all when we're dealing with non-testimonial statements. Roberts test was a test for confrontation clause purposes. It was never established by the Supreme Court for any other purpose but to decide whether there was a confrontation clause violation. Once the Supreme Court said that non-testimonial statements do not raise a confrontation clause violation at all, then the Roberts test isn't applicable to that. Because that was a test that was designed for the specific purpose of determining whether there was a confrontation clause violation. And I cited several secret court cases that were more specific, applying the United States Supreme Court cases that I cited. They went ahead and said, well, those cases, what they are saying is Roberts doesn't apply to non-testimonial statements. I think the last just. . . I mean, I won't get into the details of why the evidence was reliable. But this is a case where Appellant actually got more than he deserved as far as appellate review, because the State court and the district court, both of them applied the Roberts test to the non-testimonial statements. And both of them, based on the specifics of the case, found that the evidence. . . I mean, the statements were reliable and trustworthy. So even though Appellant was not entitled to the Roberts test or to any kind of inquiry under the confrontation clause, he got it anyway. And Appellant cannot show that the State court decision was unreasonable as to whether Hamilton's statements were reliable and trustworthy under the facts of this case. Since we have like a fellow gun member talking to other gun members as to what he just did and incriminating himself as a shooter and explaining why he did it, this is not like, as hearsay declines, talking to the police and trying to pass the buck to somebody else. So in conclusion, Appellant cannot admit his burden of showing that the State court's determination for adjudication of his claims was unreasonable or contrary to any clearly established Federal law. And the judgment of the district court should be affirmed. Okay. Thank you, Counsel. Well, there was a few minutes, a minute and, I don't know, 30 seconds for about. . . One-fifteen or something. One-fifteen or something. One-fifteen. Thank you. All right. Go ahead. In terms of, you know, as the white dissent said, and this is not, of course, not the rule, but the white dissent said that there is a due process basis for reliable testimony, reliable hearsay testimony. That was in the dissent in white, just referring to the fact that there is that particular prong for the reliability of the testimony. As far as the cross, the severability and the cross between the two cases, both cases were incredibly weak in this case. This is not a case where one was really strong and the other, they were both weak and they both bolstered each other. One issue that was not raised in the State court by anybody was the 1235 evidence that came in, the recorded statements that Mr. Fuser was talking about. That wasn't raised, unfortunately, but that is probably a confrontation issue. That may, in fact, be a confrontation issue, because those statements were not cross-examined when they were made contrary to the statements that were given in the Green case. But that, unfortunately, was not raised at the State level. The cross-contamination in this case was just because two people of the same gang were victims doesn't mean that Mr. Collins was the one that killed or attempted to kill either one. Thank you. Thank you, counsel. We appreciate your arguments in the matter as submitted at this time.
judges: Paez, Smith, Hurwitz